THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. PAUL GOLDIN, on behalf of himself and others similarly situated, | NO. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| RENEWAL BY ANDERSEN LLC | |
| Defendant. | |

**Preliminary Statement**

1.  As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2.  Plaintiff Dr. Paul Goldin ("Plaintiff" or "Dr. Goldin") alleges that Renewal by Andersen LLC ("Renewal by Andersen" or "Defendant") violated the TCPA in two ways: (i) Renewal by Andersen made telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent; (ii)

Renewal by Andersen called Plaintiff and other putative class members despite their "do not call" requests.

3. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Dr. Goldin resides in this District, as he did at all relevant times during the conduct alleged in the Complaint.

6. Defendant Renewal by Andersen is a Minnesota limited liability company.

**Jurisdiction & Venue**

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over Renewal by Andersen because it makes telemarketing calls in this District, as it did with Dr. Goldin.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls at issue were made into this District.

**TCPA Background**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA's Requirements that Companies have Adequate Telemarketing Policies</u>

11. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. These procedures are codified at 47 CFR 64.1200(d)(1)-(7). Specifically, § 64.1200(d) requires a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d)(1, 2, 3, 6).

13. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

<u>The National Do Not Call Registry</u>

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

Calls to Dr. Goldin

17. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

18. Dr. Goldin is a professor at the University of Pennsylvania.

19. Dr. Goldin's telephone number, (215) XXX-3736, is listed on the National Do Not Call Registry and has been since May 20, 2004.

20. Dr. Goldin's telephone number, (215) XXX-3736, is a personal telephone number that is not used for business purposes.

21. In 2015, Dr. Goldin inquired with Renewal by Andersen regarding a potential quote to purchase windows for his home.

22. Dr. Goldin did not find the quote competitive and took no further action.

4

23. Shortly thereafter, Dr. Goldin began receiving solicitation calls from Renewal by Andersen.

24. The calls continued despite Dr. Goldin's request that they cease.

25. Dr. Goldin made at least three separate requests that the calls stop.

26. Indeed, Dr. Goldin contacted Renewal by Andersen, which confirmed that Dr. Goldin had been listed on Defendant's Internal Do Not Call list since October of 2018.

27. However, the calls continued.

28. The calls continued through approximately September of 2019.

29. From the end of 2018 through September of 2019, Dr. Goldin believes he received at least three calls.

30. The calls were telemarketing in purpose, designed to solicit Dr. Goldin to purchase Renewal by Andersen services.

31. In total, Dr. Goldin believes he received at least ten telemarketing calls.

32. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the automated calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

33. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of two proposed national classes.

34. The classes of persons Plaintiff proposes to represent are defined as follows:

**National DNC Registry Class**: All persons in the United States (i) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; ii) but who received more than one telephone solicitation telemarketing call; (iii) from or on behalf of Renewal by Andersen; (iv) within a 12-month period; (v) either without making any inquiry regarding their services or more than 90 days after making such an inquiry; and (vi) from four years prior to the filing of the Complaint through the date of trial.

**Internal DNC Request Class**: All persons in the United States (i) whose telephone numbers were on the Renewal by Andersen Internal Do Not Call List for at least 31 days; (ii) but who received more than one telephone solicitation telemarketing call; (iii) from or on behalf of Renewal by Andersen; (iv) within a 12-month period; and (v) from four years prior the filing of the Complaint through the date of trial.

35. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. The Classes as defined above are identifiable through phone records and phone number databases.

37. The potential members of the Classes likely number at least in the thousands based on the *en masse* nature of the marketing.

38. Individual joinder of these persons is impracticable.

39. The Plaintiff is a member of these classes.

40. There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

   (a) whether Defendant systematically made multiple telephone calls to members of the National DNC Registry Class;

   (b) whether Defendant made calls to Plaintiff and members of the National DNC Registry Class without first obtaining consent to make the calls;

   (c) whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal DNC Class; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

41. Plaintiff's claims are typical of the claims of members of the Classes.

42. Plaintiff is adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

44. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National DNC Registry Class)

45. Plaintiff repeats his prior allegations of this Complaint and incorporate them by reference herein.

46. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and the members of the National DNC Registry Class despite their numbers being on the National DNC Registry.

47. The Defendant's violations were negligent, willful, or knowing.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National DNC Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each and every call made.

49. Plaintiff and the members of the National DNC Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National DNC Registry, except for emergency purposes, to any residential telephone number in the future.

## SECOND CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal DNC Class)**

50. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

51. Defendant placed numerous calls for telemarketing purposes to Plaintiff and Internal DNC Class Members' telephone numbers.

52. Defendant did so despite not recording or honoring "do not call" requests.

53. Defendant placed two or more telephone calls to Plaintiff and Internal DNC Class members in a 12-month period.

54. Plaintiff and Internal DNC Class members are entitled to an award of $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

55. Plaintiff and Internal DNC Class members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, pray for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, to any residential telephone number in the future;

F.      An award to Plaintiff and the Classes of damages, as allowed by law; and

G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: December 28, 2020

Plaintiff by his attorneys,

*/s/ G. Clinton Kelley*
G. Clinton Kelley
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: (412) 454-5599
E-mail: gckesq@gmail.com

Keith J. Keogh (*subject to pro hac vice*)
Timothy J. Sostrin (*subject to pro hac vice*)
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, IL 60603
(312) 726-1092 (office)
(312) 726.1093 (fax)
TSostrin@KeoghLaw.com

Anthony I. Paronich (*subject to pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

Mary Turke (*subject to pro hac vice*)
TURKE & STRAUSS LLP
613 Williamson Street, Suite 100
Madison, WI 53703
(608) 237-1775
Mary@turkestrauss.com

*Attorneys for Plaintiff and proposed class*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich
